UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *Plaintiff/Petitioner,* v. DANIEL C. CARAVETTE, *Defendant/Respondent.* | Case No.: 1:22-cv-5219 |

APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR A JUDGMENT UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933,
SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934 AND
SECTION 42(D) OF THE INVESTMENT COMPANY ACT OF 1940
ENFORCING COMPLIANCE WITH A COMMISSION ORDER

The Petitioner, Securities and Exchange Commission (the "Commission" or "Petitioner"),

applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities

Act"), 15 U.S.C. § 77t(c), Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange

Act"), 15 U.S.C. § 78u(e)(1), and Section 42(d) of the Investment Company Act of 1940

("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Respondent,

Daniel C. Caravette ("Caravette" or "Respondent"), with the Commission's Order to Institute

Administrative and Cease and Desist Proceedings ("OIP" or "Order") entered against him on

September 29, 2017. In anticipation of the proceedings giving rise to the OIP, Caravette agreed to

disgorge $243,322.13 plus $24,329.65 in pre-order interest, and pay a penalty of $40,000.00.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1.      The Commission seeks by this Application to enforce an order of the Commission, which found that Respondent Caravette willfully violated Sections 5(a), and 5(c) of the Securities Act, and Section 15(a)(1) of the Exchange Act.

2.      Respondent has failed to satisfy the disgorgement order and civil penalties imposed upon him.

## PARTIES

3.      The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.      Daniel C. Caravette, age 50, is a resident of St. Charles, Illinois.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under Section 20(c) of the Securities Act, Sections 21(e)(1) and 27(a) of the Exchange Act, and Section 42(d) of the Investment Company Act.

6.      Venue lies in the United States District Court for the Northern District of Illinois under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, and Section 44 of the Investment Company Act. Respondent Caravette is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7.      On September 29, 2017, the Commission entered its OIP against Accelera Innovations, Inc. ("Accelera"), its founder and Chairman, Geoffrey Thompson ("Thompson"), its former CEO and CFO, John Wallin ("Wallin"), an affiliated company, Synergystic Holdings, LLC ("Synergistic"), and an unregistered broker-dealer, Caravette, pursuant to Section 8A of the Securities Act, Sections 15(b) and 21C of the Exchange Act, and Section 9(b) of the Investment Company Act. *See* Ex. 1.

8.     The Commission alleged, in part, that from January 2012 through September 2014, Caravette entered into an agreement with Thompson to sell Accelera stock to investors even though he had not been associated with a broker-dealer since 2000. In November of 2014, Caravette entered into a similar agreement with Synergistic to sell almost $400,000 of stock in another Thompson controlled company called Advantameds Solutions, Inc.

9.     In anticipation of the OIP and related proceedings, the Respondent submitted an Offer of Settlement ("Offer"), which the Commission accepted. As a result, and in connection with the OIP, the Commission imposed the sanctions agreed to in Respondent's Offer, which included an order for Caravette to disgorge $243,322.13 plus $24,392.65 in pre-order interest, and pay a civil penalty of $40,000.00.

10.     The Respondent did not seek review of the Order, and the time to do so has expired.

## ARGUMENT

11.     The Commission brings this proceeding under Section 20(c) of the Securities Act, 21(e)(1) of the Exchange Act, and Section 42(d) of the Investment Company Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

12.     Proceedings under these provisions are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).

13.     In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed

by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

14.     On the Commission's instant application, the Respondent is entitled only to a summary proceeding. Section 20(c) and Section 21(e)'s use of the term "application" provides for summary proceedings — not full-fledged civil actions — when the Commission seeks enforcement of its orders. *See, e.g., SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. March 7, 2003); *McCarthy*, 322 F.3d at 659; *Vindman*, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007). As the Ninth Circuit has explained:

> 'Applications' are distinct from 'actions.' …An 'application' is merely a 'motion.' …Had Congress intended to require the Commission to bring a full-blown civil action under the Federal Rules in order to enforce its orders, Congress would have made this explicit by requiring the Commission to file an 'action' in district court, rather than an 'application.'

*McCarthy*, 322 F.3d at 656–57 (internal citations omitted); *see also SEC v. Sprecher*, 594 F.2d 317, 319–20 (2d Cir. 1979) (holding that Section 22(b) of the Securities Act — which permits courts to order enforcement of Commission subpoenas at the Commission's "application" — authorizes summary proceedings). Summary proceedings like the instant one "may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'" *McCarthy*, 322 F.3d at 655 (quoting *New Hampshire Fire Ins. Co. v. Scanlon,* 362 U.S. 404, 406–07 (1960)).

15.     These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

4

I.

That the Court enter an Order to Show Cause, directing the Respondent to show cause why this Court should not enter an order enforcing his compliance with the Order.

II.

That the Court thereafter enter Judgment enforcing the Order and requiring:

a. Caravette to disgorge, $243,322.13 plus pre-order interest of $24,392.65;

b. Caravette to pay a civil penalty of $40,000.00;

c. Interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from April 12, 2018, the date of the Order, to the date that this Court enters its order; and

d. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated:  September 26, 2022


Respectfully submitted,


s/ Christy J. White
CHRISTY J. WHITE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
WhiteChr@SEC.gov
Telephone:    202.551.4502
Facsimile:    804.708.6119

Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission