UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Petitioner, | )<br>) |
| | ) No. 22-cv-5219 |
| v. | )<br>) Judge Marvin E. Aspen |
| DANIEL C. CARAVETTE, | )<br>) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

The Securities and Exchange Commission ("SEC" or "Commission") applies for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), enforcing compliance by Respondent Daniel C. Caravette with a Commission order entered against him on September 29, 2017. (Application of the Securities and Exchange Commission for an Order Under Section 20(c) of the Securities Act of 1933, Section 21(e)(1) of the Securities Exchange Act of 1934 and Section 42(d) of the Investment Company Act of 1940 Enforcing Compliance with a Commission Order ("Application") (Dkt. No. 1).)[1] Caravette opposes the Application. (Response to Deny Proposed Order to Show Cause Issued upon the Application of the Securities and Exchange Commission for an Order Under Section 20(c) of the Securities Act of 1933, Section 21(e)(1) of the Securities Exchange Act of

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

1

1934 and Section 42(d) of the Investment Company Act of 1940 Enforcing Compliance with a Commission Order ("Resp.") (Dkt. No. 8).) We grant the Commission's Application and will enter judgment enforcing the SEC's order.

## BACKGROUND

From 2013 through 2015, Caravette, an Illinois resident, solicited investors to purchase securities in two healthcare companies, Accelera Innovations, Inc. and Advantameds Solutions, Inc. (Order Instituting Administrative and Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Sections 15(b) and 21C of the Securities Exchange Act of 1934, and Section 9(b) of the Investment Company Act of 1940, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order ("SEC Order") (Dkt. No. 1-3) ¶¶ 2–5.) Caravette, however, was not registered as a broker-dealer at the time of his solicitation, in violation of the Exchange Act, and Accelera stock he sold was not registered with the SEC, in violation of the Securities Act. (*Id.* ¶¶ 6, 12, 17–18.) The SEC initiated administrative enforcement proceedings against Caravette. (*Id.* at 1.) Caravette submitted an offer of settlement, which the Commission accepted. (*Id.*) Pursuant to the settlement, Caravette consented to the entry of an administrative order requiring, among other things, that he "shall, no later than December 15, 2017, pay disgorgement of $243,322.13, prejudgment interest of $24,392.65, and a civil money penalty in the amount of $40,000 . . . ." (*Id.* at 5.) If Caravette did not timely complete his payment, the SEC Order further provided that "additional interest shall accrue" under relevant statutes and administrative rules (*Id.*) Caravette did not appeal the SEC Order. (Application ¶ 10.)

In 2018, after failing to timely pay the amounts due, Caravette entered into a payment plan with the SEC, which the SEC claims, and he disputes, he defaulted on. (Declaration of

2

Christy J. White in Support of the SEC's Reply to Respondent's Response to the Application of the Securities and Exchange Commission ("White Dec.") (Dkt. No. 10-1) ¶¶ 4–9; Declaration of Daniel C. Caravette in Support of Resp. ("Caravette Dec.") (Dkt. No. 9) ¶¶ 2, 5.) This Application followed. (Dkt. No. 1.) We entered an order to show cause why the Application should not be granted (Dkt. No. 5), and Caravette responded in writing. (Dkt. No. 8.) The matter is ripe for adjudication on the written submissions.

## LEGAL STANDARD

Several federal securities laws—Section 20(c) of the Securities Act, Section 21(e) of the Exchange Act, and Section 42(d) of the Investment Company Act—grant us the authority to order compliance with duly issued orders of the SEC under the relevant statutes. 15 U.S.C. § 77t(c); *id.* § 78u(e)(1); *id.* § 80a-41(d). Enforcement proceedings under these provisions are summary. *SEC v. Stoecklien*, No. 15 C 532, 2015 WL 6455602, at *1 (S.D. Cal. Oct. 26, 2015) (citing *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003)). In a summary proceeding, we may rule expeditiously, without formal pleadings, and on minimal notice, so long as Caravette is given an opportunity to respond, which he has. *Id.* Because Congress's administrative-review regime requires SEC orders to be appealed directly to the courts of appeals, we cannot "consider the underlying merits of the SEC's order" in a summary enforcement proceeding. *SEC v. Vindman*, No. 06 C 14233, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007).

## ANALYSIS

There is no dispute that the SEC Order entered against Caravette on September 29, 2017, was validly issued under the relevant federal securities laws. (SEC Order at 1, 6.) Nor is there any dispute that the SEC Order commands Caravette to pay $243,322.13 in disgorgement, $24,392.65 in prejudgment interest, and a civil penalty of $40,000.00 by December 15, 2017.

3

(*Id.* at 5.) Caravette does not claim to have paid these amounts in full or on time. (Caravette Dec. ¶ 7 (acknowledging that he must "continue" his payment plan and expressing desire to "negotiate a payment arrangement to resolve [his] debt").) In this summary proceeding, which merely is a judicial enforcement mechanism for validly issued administrative orders, that suffices to grant the Application. *Stoecklien*, 2015 WL 6455602, at *4 (granting application); *Vindman*, 2007 WL 1074941, at *2 (same).

Caravette offers no persuasive reason to deny the Application. Caravette first claims that he is not in default of the SEC Order, "as amended by the supplemental payment agreement," because he has made some payments under the informal payment plan. (Resp. at 3.) But the payment plan did not "amend" the SEC Order, which required Caravette to pay in full by December 2017. (SEC Order at 5.) Rather than amending the SEC Order, the payment plan merely offered Caravette a way to make reasonable payments toward his legally owed debt without further enforcement action. (Re: Informal Payment Plan Letter Agreement (Dkt. No. 10-5) ("[T]he goal is to operate under this informal plan while you are working to make the necessary arrangements to resolve any balance still due and owing . . . .").) Thus, even if Caravette had fully complied with the informal payment plan, he would still be in default of his obligation under the SEC Order, and the SEC would be entitled to a judicial enforcement order.

Caravette next disputes the amount owed under the SEC Order. (Resp. at 3–4.) He claims that "the original disgorgement of $243,322.13 is inaccurate and SEC documentation shows the disgorgement amount is actually $218,687.35." (*Id.* at 3.) But the face of the order compels disgorgement of $243,322.13, and we cannot review that order in a summary enforcement proceeding. *SEC v. Gerasimowicz*, 9 F. Supp. 3d 378, 381 (S.D.N.Y. 2014) ("[L]itigants are precluded from challenging the validity of SEC orders in enforcement

4

proceedings . . . ."). Caravette's time to challenge the accuracy of the disgorgement award was in a direct appeal of the SEC Order to the relevant court of appeals, *id.*, which he did not do. In any event, the SEC persuasively explains the accuracy of its award, which ordered Caravette to disgorge compensation he received in both cash (the $218,687.35 Caravette does not dispute) and securities (the additional $24,634.28). (SEC's Reply to Defendant's Response to the Application of the Securities and Exchange Commission (Dkt. No. 10) at 4–5.)

Caravette also appears to argue that interest should not accrue on his debt because the SEC "did not express a desire or demand for interest" in its informal payment plan negotiations. (Resp. at 3.) But the face of the SEC Order states that "additional interest shall accrue" if Caravette did not pay his debt by December 15, 2017, which he did not. (SEC Order at 5.)

Finally, Caravette repeatedly argues that due to financial hardship, he cannot pay the amount he owes under the SEC Order. (Resp. at 3–4.) Caravette's inability to pay the amount he legally owes is not a defense to this summary enforcement proceeding. The SEC Order is valid, and the SEC is entitled to judicial enforcement of it, whether Caravette has the resources to satisfy the debt or not. *Stoecklien*, 2015 WL 6455602, at *4 (rejecting equitable objections to enforcement application).

## CONCLUSION

The SEC's Application (Dkt. No. 1) is granted. The SEC shall submit a proposed judgment to Proposed_Order_Aspen@ilnd.uscourts.gov in Word format by January 26, 2023. If the proposed judgment contains an amount certain of accrued interest, the SEC must concurrently file a brief, not to exceed 5 pages, and any necessary supporting materials to justify the requested amount of interest. Caravette shall have until February 16, 2023, to respond in a brief not to exceed 5 pages. The status hearing set for January 26, 2023, is stricken and reset to March 23, 2023 at 10:30 a.m. It is so ordered.

                                                                                              Marvin E. Aspen
                                                                                              United States District Judge

Dated: January 12, 2023